WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Michael Northrop,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-17-04765-PHX-DGC (JFM)<br><br>**ORDER** |

Petitioner John Michael Northrop filed a petition under 28 U.S.C. § 2254 to vacate, set aside, or correct his sentence. Doc. 1. Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") recommending that the Court deny the petition as untimely and without merit. Doc. 15 at 5, 16-22. The Court will accept the R&R and deny the petition.

**I.     Background.**

Petitioner pled guilty to one count of sexual conduct and two amended counts of attempted sexual conduct relating to a victim under 15 years of age, both designated as dangerous crimes against children. Docs. 15 at 2; 1 at 2. Petitioner was sentenced to 14 years in prison followed by lifetime probation. Doc. 15 at 2. In his § 2254 petition, Petitioner asks the Court to discharge him from custody, restore his rights, and return seized property. Doc. 1 at 8. Petitioner argues that the Arizona Superior Court lacked subject matter jurisdiction over his criminal case, and he asserts various deficiencies in his indictment and conviction. *Id.*

## II. Legal Standard.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1).

## III. Discussion.

Petitioner filed four objections to the R&R. *See* Doc. 16 at 5-13. Petitioner objects to Judge Metcalf's findings that: (1) the Arizona Superior Court was not acting as a de facto federal court when it convicted and sentenced Petitioner; (2) Petitioner's § 2254 motion is untimely; (3) Petitioner's crime of conviction is properly considered a dangerous crime against children under state law; and (4) Petitioner's argument regarding the Enactment Clause of the Arizona Constitution is without merit. *Id.* The Court will first address the timeliness of Petitioner's petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year deadline for filing an initial habeas petition, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d). Arizona's Rule 32 of-right proceeding, available to criminal defendants who plead guilty, is considered a form of direct review for purposes of determining whether the statute of limitations has run. *Summers v. Schriro*, 481 F.3d 710, 716-17 (9th Cir. 2007). Defendants convicted in Arizona state court have 90 days after sentencing to file a timely petition for post-conviction relief ("PCR"). *See* Ariz. R. Crim. P. 32.4.[1]

---

[1] Respondents and Judge Metcalf disagree on whether Arizona Rule of Criminal Procedure 1.3(a) applies in this case, which might have provided an additional five days for Petitioner to file a timely PCR petition. *See* Doc. 12 at 9; 15 at 10. But the applicability of Rule 1.3 is not dispositive because Petitioner filed his first PCR petition on January 8, 2018, more than four years after his sentencing. Doc. 15 at 2-3.

Petitioner was sentenced on September 25, 2013, and his conviction became final on December 24, 2013, when the 90-day deadline expired and Petitioner had not filed notice of a PCR petition. Doc. 15 at 10. Petitioner had one year from December 25, 2013 to file his § 2254 petition for a writ of habeas corpus. 28 U.S.C. § 2244(d). Petitioner did not file his petition until December 27, 2017. Doc. 1. Thus, in the absence of equitable tolling, the Court must dismiss Petitioner's petition as untimely.

A petitioner bears the burden of showing that equitable tolling is appropriate. *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). To do so, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner argues that "there was no conviction and there is no deadline" because "no conviction was entered" in the Arizona Superior Court. Doc. 16 at 7-8. He also argues that he is entitled to equitable tolling because the State violated the Sixth and Fourteenth Amendments by "depriv[ing] Petitioner of his due process right to be informed of the nature and cause of the accusation," and that he had no knowledge of the "facts necessary to constitute the offenses of convictions and opportunity for objection to them." *Id.* at 8.

To the extent Petitioner advances substantive or procedural arguments regarding his trial, plea, or conviction, his objection fails to provide a basis for equitable tolling. Nor does he otherwise address the R&R's findings regarding his untimely petition. Petitioner filed his § 2254 petition more than three years after the deadline. He fails to show how he was diligently pursuing his rights and what extraordinary circumstance stood in his way. Nor does he allege any other basis for determining that the statute of limitations began running later than December 25, 2013. Because Petitioner's petition is untimely, the Court lacks jurisdiction to consider his claims. 28 U.S.C. § 2244; *Pace*, 544 U.S. at 419.

**IT IS ORDERED:**

1. Magistrate Judge James F. Metcalf's R&R (Doc. 15) is **accepted** as set forth in this order.

2. The Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied**.

3. The Clerk of Court shall **terminate** this action.

4. A certificate of appealability is **denied**.

Dated this 30th day of November, 2018.

*David G. Campbell*
David G. Campbell
Senior United States District Judge